UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WINFIELD PHILLIPS
And JEREMY COLLINS,

    Plaintiffs,

vs.                              CASE NO. 5:08cv115/RS/EMT

FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION
and OFFICER ALTON RANEW,

    Defendants.
_____/

## **ORDER**

Before me are Defendant Alton Ranew's Motion for Summary Judgment and Memorandum of Law (Doc. 15), Plaintiffs' Memorandum of Law in Response to Defendant, Alton Ranew's, Motion for Summary Final Judgment and Memorandum of Law (Doc. 19), Defendant Florida Fish and Wildlife Conservation Commission's Motion for Summary Judgment and Memorandum of Law (Doc. 26), and Plaintiffs' Response and Memorandum of Law to Defendant, Florida Fish and Wildlife Conservation Commission's, Motion for Summary Final Judgment and Memorandum of Law (Doc. 35).

## I. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (*quoting* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)). A factual dispute is "'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512.  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993); *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).  Thus, "[i]f reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, "[a] mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251, 106 S. Ct. at 2511).

## II. FACTS

On December 18, 2005, Plaintiffs were hunting in Jackson County, Florida.

Defendant Ranew is employed as an officer for Defendant Florida Fish and Wildlife Conservation Commission. Defendant Ranew received a phone call from the Hussey residence complaining that someone was shooting deer on their property. Defendant Ranew drove to the Hussey residence and spoke with Mr. And Ms. Hussey. Defendant Ranew found Plaintiffs with blood on their clothes, two dead deer and two rifles. Plaintiffs admitted to Defendant Ranew that they shot the deer on property that they did not own. Defendant Ranew and Plaintiffs drove to the house of Emmett Hussey, the owner of the property, who said Plaintiffs did not have permission to be on their property but that he had no interest in prosecuting Plaintiffs. Then Defendant Ranew and Plaintiffs drove to a boat ramp at the Chipola River where Defendant Ranew confiscated Plaintiffs' deer and guns and issued each Plaintiff a notice to appear charging each Plaintiff with armed trespass in violation of Florida Statute §§ 810.09(1), (2)(c). Defendant Ranew also required Plaintiffs to write a voluntary statement or go to jail.

### III. ANALYSIS

In order to make a prima facie showing for a § 1983 claim, Plaintiffs must show that (1) Defendants acting under color of law (2) deprived Plaintiffs of rights, privilege, or immunities secured in the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981); 42

U.S.C. § 1983. Both parties agree that Defendants were acting under color of law. Plaintiffs contend Defendants violated their civil rights because they were falsely arrested. Defendant claims he is entitled to qualified immunity. A claim of qualified immunity is conceptually distinct from the merits of the Plaintiff's claim that his rights have been violated. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1030 n. 8 (11th Cir. 2001) (*citing Mitchell v. Forsyth*, 472 U.S. 511, 527, 105 S. Ct. 2806, 2816, 86 L. Ed. 2d 411 (1985)); *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 2154, 150 L. Ed. 2d 272 (2001) (ruling on qualified immunity requires a separate analysis "not susceptible of fusion with the question of whether there was [a constitutional violation]"). It is undisputed that a false arrest violates the Fourth Amendment of the Constitution, applicable to the states through the Fourteenth Amendment. U.S. Const. amend. IV; U.S. Const. amend. XIV; *Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990); *Motes v. Myers*, 810 F.2d 1055, 1059 (11th Cir. 1987). First, it must be determined whether there is a prima facie showing that Plaintiffs' were falsely arrested. If a showing is made, then it must be determined whether Defendants are entitled to qualified immunity.

A prima facie showing for a false arrest requires (1) a warrantless, malicious arrest or (2) deprivation of liberty without probable cause. *Harden v. Bay County Sheriff's Dep't.*, 2008 WL 215213, *2 (N.D. Fla. 2008) (*citing Baker v. McCollan,*

443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)). It is undisputed that there was not a warrant for the arrest of Plaintiffs. However, Plaintiffs do not argue that Defendants acted with malice.

It must be determined if Plaintiffs were (1) deprived of liberty and (2) there was no probable cause. *Id*. Whether an arrest has occurred depends upon the nature and degree of the intrusion under all the facts of the particular encounter. *U.S. v. Vargas*, 643 F.2d 296, 298 (11th Cir. 1981). No formal words of arrest are required and it is not necessary that a formal arrest record be filed. *Id*. (*citing Dunaway v. New York*, 442 U.S. 200, 99 S. Ct. 2248, 60 L. Ed. 2d 824 (1979)). Plaintiffs were required to follow Defendant Ranew to Emmett Hussey's residence and to a boat ramp at the Chipola River. Defendant Ranew also required Plaintiffs to write a voluntary statement or go to jail. Defendant Ranew issued each Plaintiff a notice to appear. Not every stop and brief detention by law enforcement officers constitutes an arrest; an involuntary stop for an investigation does not rise to the level of an arrest. *Id*. In viewing the facts in the light most favorable to the Plaintiffs, there is a prima facie showing that an arrest occurred.

Next, it must be determined whether Defendant Ranew had probable cause. For probable cause to exist an arrest must be objectively reasonable under the totality of the circumstances. *Bailey v. Board of County Comm'rs of Alachua*

*County*, 956 F.2d 1112, 1119 (11th Cir. 1992). This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. *Williamson v. Mills*, 65 F.3d 155, 158 (11th Cir. 1995). "Probable cause requires more than mere suspicion, but does not require convincing proof." *Bailey*, 956 F.2d at 1120. An arresting officer is required to conduct a reasonable investigation to establish probable cause. *Tillman v. Coley,* 886 F.2d 317, 321 (11th Cir. 1989). An officer, however, need not take every conceivable step, to eliminate the possibility of convicting an innocent person. *Id*.

In this case, Defendant Ranew received a call that someone was trespassing and shooting deer. Defendant Ranew drove to the Hussey residence and spoke with Mr. And Ms. Hussey. Defendant Ranew found Plaintiffs with blood on their clothes, two dead deer, and two rifles. Plaintiffs admitted that they shot deer on property that they did not own. Defendant Ranew investigated and determined that Plaintiffs did not have permission to be on the property.

Plaintiffs argue that the lack of no trespassing signs or a fence around the property precludes a violation of this statute by Plaintiffs. However, the statute can be violated if Plaintiffs had actual knowledge of the trespass. Here, Plaintiffs

admitted to Defendant Ranew that they did not own the land. While this does not prove beyond a reasonable doubt that Plaintiffs trespassed, it does give Defendant Ranew probable cause. Since Defendants had probable cause to arrest, Plaintiffs' Constitutional rights were not deprived, and summary judgment is appropriate.

## IV. CONCLUSION

Defendant Alton Ranew's Motion for Summary Judgment and Memorandum of Law (Doc. 15) is **GRANTED**. Defendant Florida Fish and Wildlife Conservation Commission's Motion for Summary Judgment and Memorandum of Law (Doc. 26) is **GRANTED**. Summary final judgment shall be entered for Defendants. The clerk is directed to close the file.

**ORDERED** on December 11, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**